No. 3824.—B. M. BROWDER et al. v. GEORGE J. HOOK et al:

The burden falls upon the defendant when he has made the special plea of payment of establishing the fact by legal proof.

The action to compel parties to reimburse what has been paid for them on account of the purchase of lands is only prescribed by ten years.

APPEAL from the Thirteenth Judicial District Court, parish of Carroll. *Hough*, J. *Sparrow & Montgomery*, for plaintiffs and appellants. *M. Dubose*, for defendants and appellees.

WYLY, J. In July, 1858, Mrs. M. W. Patten and Mrs. M. V. Hook purchased jointly from W. W. Collins a small plantation in the parish of Carroll, for the price of $12,000, represented by three promissory notes, one due and payable on the first of January, 1859, for $6000 and the other two for $3000 each, payable respectively on the first of January, 1860, and the first of January, 1861.

The plaintiffs have succeeded to the rights of Mrs. Patten, who died in 1862, and the defendants are the heirs of Mrs. Hook who died intestate and who transmitted by succession to them the property which she held in indivision with the said Mrs. Patten.

It appears that all the notes were paid by Mrs. Patten, at least she paid the several amounts thereof to Collins, the vendor.

This suit was instituted to compel the heirs of Mrs. Hook to reimburse the heirs of Mrs. Patten for one-half the amount of the last note maturing on the first of January, 1861, which they allege was paid alone by Mrs. Patten, one of the joint obligors.

The defendants admit the purchase of the plantation as alleged, and aver that the parties paid the first note of $6000; that afterwards Mrs. Patten paid both the other two notes of $3000 each before they fell due; "that afterwards, to wit, on the twenty-first of January, 1860, the defendant, Hook, paid said note of $3000 which fell due on the first of January, 1860, to Mrs. Patten, and took up said note and now holds the same in possession with Mrs. Patten's receipt indorsed thereon. Shows that he paid and took up said note in this way, viz: Richard May, the father of said Mrs. Hook, transferred to this defendant, as tutor of his children, a certain promissory note made by John B. Williams to said Richard May for $4330, with interest, dated the twenty-third of December, 1857, and due on the first of January, 1861, as shown by the inventory of Mrs. Patten's succession; that this defendant transferred said note to Mrs. Patten in payment of the note of $3000 which fell due on the first of January, 1860, and for the balance, after paying the $3000 note, Mrs. Patten gave her note which was subsequently settled. Avers that the payment of the note of $3000 due on the first of January, 1860, to Mrs. Patten, extinguished by compensation the note sued on, and all indebtedness of his wife's succession to the succession or heirs of Mrs. Patten; that if the heirs of his wife owe the heirs of Mrs. Patten one-half of the note sued on, then he alleges that the heirs of Mrs. Patten owe the heirs of his wife one-half the note paid to Mrs. Patten by this defendant, as set forth. Defendant avers and says that the payment of $728 99, made by him as tutor, indorsed on the note sued on, on the sixteenth of January, 1866, was made in error and under remonstrance;" that at the time the said settlement occurred, he did not have the note due on the first of January, 1860, which was mislaid and could not be found, owing to the confusion into which his papers had fallen during the war; that sometime afterwards, upon more thorough search, he found the note and now holds the same; and that as he paid the $728 99, as a credit on the claim sued on, in error, he now claims the amount thereof in reconvention. The prescription of three, five and ten years is also pleaded in bar of plaintiffs' action.

The court rejected plaintiffs' demand and entered a judgment of nonsuit as to the reconventional demand of the defendants. The plaintiffs have appealed, and the defendants pray that the judgment be amended by allowing them the amount of their reconventional demand.

The only evidence adduced in support of the special defense set up, is the testimony of the defendant, Hook, who was examined as a witness in behalf of defendants. His evidence is unsatisfactory and is contradicted by the testimony of the witness F. M. Goodrich, who was the legal adviser and the commission merchant of Mrs. Patten and Mrs. Hook, and who was doubtless familiar with the transactions between them.

It is admitted in the answer that Mrs. Patten paid Collins, the vendor, the two notes of $3000 each, maturing respectively on the first of January, 1860, and first of January, 1861, and indeed his receipts indorsed thereon show the fact; it is also conceded that Mrs. Patten paid the $6000 note because Hook testifies that it was taken up shortly after it was made, and that "Mrs. Hook had nothing to do with its payment." Both parties agree that Mrs. Patten received $3000 out of the note of J. B. Williams for $4330, dated in 1857, and that she credited Mrs. Hook with the amount thereof. Hook says this credit was applied to the $3000 note, maturing on the first of January, 1860, which had previously been paid by Mrs. Patten, and that the transfer of this note by Mrs. Patten was intended as a final settlement of the share due by Mrs. Hook in the note maturing on the first of January, 1861, and all indebtedness between them on account of the sums paid by Mrs. Patten on the joint purchase. He fails, however, to explain how Mrs. Hook reimbursed Mrs. Patten for the $6000 note which she paid shortly after the joint purchase. He concedes that Mrs. Patten paid Collins $12,000 for the land, and yet he fails to show that his wife ever contributed more than the $3000 resulting from the transfer of the Williams note, to the reimbursement of the sums paid by her co-obligor.

On the other hand, the testimony of the witness, Goodrich, explains the whole transaction in a very satisfactory manner. He says the $3000 resulting from the transfer of the Williams note was the contribution by Mrs. Hook for half of the $6000 note paid by Mrs. Patten shortly after the purchase was made, and that the settlement of the twenty-first of January, 1860, in which Mrs. Patten receipted the note due first of January of that year and turned it over to Mrs. Hook as tutor, was merely the acknowledgment that Mrs. Patten had received out of their joint crops, which were shipped to the firm of Pilcher & Goodrich, of which the witness was a member, a sum equal to one-half the amount of Mrs. Hook's liability on said note, due on the first of January, 1860.

This is reasonable enough; for why should Mrs. Patten, a lady of acknowledged wealth, call upon her co-obligor to contribute or to advance in January, 1860, her half of the note which would not mature till one year thereafter, or till the first of January, 1861.

If Mrs. Hook's half of the $6000 note had already been contributed, why should her representative, George Hook, tutor, be called upon to pay Mrs. Patten $3000 in January, 1860, when the latter only had the right to call for a contribution of half that amount, being, as a joint obligor, herself bound for the other half.

If Mrs. Hook had taken up and paid the note due on the first of January, 1860, her heirs might well plead it in compensation against this demand for contribution by the heirs of Mrs. Patten for payment by the latter of the note due on the first of January, 1861.

But the note sought to be used in compensation was not paid by Mrs. Hook or her heirs. It was paid by Mrs. Patten, and the moment she paid it, her part of the joint obligation became extinguished by confusion. That she subsequently receipted it and delivered it to her co-obligor, did not revive the obligation as to her, because that was already discharged by confusion. But there was a settlement between these parties on the sixteenth of January, 1866, and the defendant, Hook, in his own behalf and as tutor, recognized the obligation declared on, and caused the note to be credited $728 99, the amount of an account which he had against the said Mrs. Patten.

He says he made this payment in error, and claims the amount thereof in reconvention, because he was doubtful at the time whether he had paid the $3000 due on the first of January, 1860, having mislaid it; and after finding it he discovered he made the said settlement in error. Here again the witness is contradicted. Goodrich, a witness, was present at that settlement, and he says that Hook then made the same objections he now urges, and that he convinced him he was in error; also, that Hook had the note which he now says was lost or mislaid at the time of the said settlement.

As the burden of proof is with the defendants to maintain the averments of their special defense, and also to prove that the settlement of the sixteenth of January, 1866, was made in error, we think they have not succeeded in doing so; that the weight of evidence, as to these objections, is clearly with the plaintiffs; and that the proof in the record clearly entitles the plaintiffs to the judgment they pray for. The prescriptions pleaded are not applicable. Ten years have not elapsed from the payment of the debt by the co-obligor represented by the plaintiffs. Besides prescription was interrupted by the settlement and partial payment in 1866. Five years' prescription is not applicable, because the foundation of plaintiffs' action is the obligation which the law imposes on a co-obligor to reimburse the joint

obligor for the payments made by him. The prescription of such an obligation is ten years.

It is admitted that the mortgage securing the obligation of Mrs. Hook has been duly reinscribed.

For the reasons stated it is ordered that the judgment appealed from be annulled, and it is now ordered that the plaintiffs recover of the defendants fifteen hundred dollars, with eight per cent. per annum interest, from the first of January, 1861, subject to a credit of seven hundred and twenty-eight dollars and ninety-nine cents, on sixteenth of January, 1866.

It is further ordered that the mortgage be recognized and rendered executory on the property described therein and also the vendor's privilege, and that the same be sold according to law for payment of this judgment.

It is further ordered that the defendants pay costs of both courts.

Rehearing refused.